Filed 5/15/14  Mitchell v. T-Mobile USA CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CORNELL MITCHELL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>T-MOBILE USA, INC. et al.,<br><br>    Defendants and Respondents. | B249265<br><br>(Los Angeles County<br> Super. Ct. No. YC068812) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stuart M. Rice, Judge.  Affirmed.

Cornell Mitchell, in pro. per., for Plaintiff and Appellant.

Crawford & Bangs and Theresa C. Tate for Defendants and Respondents.

Plaintiff Cornell Mitchell appeals from the judgment of dismissal following the trial court's sustaining the demurrer filed by defendants T-Mobile USA, Inc., and T-Mobile West Corporation without leave to amend. We affirm.

## BACKGROUND

In August 2012, plaintiff filed a small claims action against defendants alleging that they wrongfully charged amounts to his cell phone account and suspended his service without justification. In October 2012, a superior court commissioner entered judgment for defendants.

Alleging essentially the same facts, plaintiff filed the unlimited civil action against defendants, styled as one for negligence, seeking general and punitive damages for the disconnection of his cell phone. Defendants demurred to the complaint on the ground that the doctrine of res judicata barred the action. In opposition, plaintiff argued that res judicata did not apply, because he did not stipulate to the commissioner who heard the earlier small claims action. Therefore, according to plaintiff, the commissioner had no jurisdiction to decide the matter, and the small claims judgment was void. The trial court took judicial notice of the records of the small claims action. The court ruled that commissioners have original jurisdiction over small claims matters without a stipulation by the parties. Thus, the small claims judgment was valid, and barred the current action under res judicata principles. The court sustained the demurrer without leave to amend, and plaintiff appeals from the resultant judgment of dismissal.

## DISCUSSION

As he did in the trial court, plaintiff contends on appeal that because he did not stipulate to the commissioner in the small claims action, the small claims

2

judgment was void and cannot support application of res judicata to the instant case. We disagree.

Under article VI, section 22 of the California Constitution (hereafter section 22): "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." Government Code section 72190 specifically permits courts to authorize commissioners to perform the subordinate judicial duty of hearing small claims cases. It provides in relevant part: "Within the jurisdiction of the court and under the direction of the judges, commissioners shall exercise all the powers and perform all of the duties prescribed by law. At the direction of the judges, commissioners may have the same jurisdiction and exercise the same powers and duties as the judges of the court with respect to any . . . small claims action." Thus, in small claims actions, commissioners act as judges, and no stipulation by the parties is required.

In arguing to the contrary, plaintiff relies on article VI, section 21 of the California Constitution (hereafter section 21), which provides that "*On stipulation of the parties litigant* the court may order a cause to be tried by a *temporary judge* who is a member of the State Bar, sworn and empowered to act until final determination of the cause." (Italics added.) Section 21, by its express terms, applies only to persons appointed as temporary judges to perform functions *other than* subordinate judicial duties. (See *Sarracino v. Superior Court* (1974) 13 Cal.3d 1, 5-6 ["a major part of the assistance which commissioners give to the courts is rendered not in performing subordinate judicial duties under article VI, section 22 but in presiding as temporary judges under the distinct provisions of section 21 of article VI."]) Section 21 has no application to the handling of small claims matters under section 22 and Government Code section 72190.

As held by the trial court, the small claims judgment was valid and supports application of the doctrine of res judicata to bar the instant action.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.